UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FABIAN RIVERA

                    Plaintiff,

         -against-

THE CITY OF NEW YORK, POLICE OFFICER
JAY RIVERA (Shield 3882), SGT. WILLIAM HALL
(Shield 530), and POLICE OFFICER JOHN DOE,

                    Defendants.
------------------------------------------------------------------------X

**14 CV 1279**

**COMPLAINT**

**JURY TRIAL DEMANDED**

        Plaintiff **FABIAN RIVERA**, by his attorney, Joel Berger, Esq., for his complaint alleges, upon information and belief, as follows:

### *NATURE OF THE ACTION*

        1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution and laws of the United States and the State of New York, including false arrest and false imprisonment, by employees of the New York City Police Department (NYPD).

### *JURISDICTION AND VENUE*

        2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

        3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

        4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### *PENDENT JURISDICTION*

        5.     This Court also has jurisdiction over plaintiff's state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

        6.     On November 25, 2013, within ninety days after the claims alleged in this complaint arose, a verified Notice of Claim was duly served upon the Comptroller of the City of New York

pursuant to General Municipal Law § 50-e. The Claim was assigned Claim No. 2013PI030295.

7.    On February 4, 2013, plaintiff testified at a hearing conducted pursuant to General Municipal Law § 50-H.

8.    At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

9.    This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

### JURY DEMAND

10.    Plaintiff demands trial by jury in this action.

### PARTIES

11.    Plaintiff **FABIAN RIVERA**, age 35, is a Hispanic male who is a citizen of the United States and a resident of the State of New York.  He is married and the father of two children, ages 12 and 15.  He has a GED degree and works in the construction industry.  He has never been convicted of a crime.

12.    Defendant City of New York is a municipal corporation organized under the laws of the State of New York.   It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

13.    At all times relevant herein, defendants Jay Rivera (Shield 3882) and Sgt. William Hall (Shield 530) were police officers employed by the NYPD, assigned to the 75th Police Precinct, 1000 Sutter Avenue, Brooklyn, NY 11208,

14.    At all times relevant herein, defendant John Doe was a police officers employed by the

NYPD and assigned to the 75th Precinct.   Plaintiff does not know the correct name and shield number of John Doe at this time.

15.    At all times relevant herein, the individual defendants were acting as agents, servants and employees of defendant City of New York and the NYPD.

16.    At all times relevant herein, all defendants were all acting under color of state law.

*FACTS*

17.    On Tuesday, September 17, 2013, at approximately 3:00 P.M., in the vicinity South Conduit Boulevard and Eldert Lane in the Cyprus Hills section of Brooklyn, plaintiff was unlawfully assaulted, beaten, stripped to his underwear, searched, and arrested by defendants Rivera and John Doe.

18.    After approximately 24 hours in police custody, first at the 75th Police Precinct and then at Brooklyn Central Booking, plaintiff was released without having to see a judge because the Kings County District Attorney's Office declined prosecution.

19.    Plaintiff had been lawfully riding his bicycle in the street when a blue unmarked vehicle pulled up in front of him and nearly hit him.

20.    Two males in plain clothes got out of the car and began barking orders at plaintiff, asking where he was going and demanding identification.

21.    The two males turned out to be police officers, defendants Jay Rivera and John Doe, assigned to a Street Narcotics Enforcement Unit (SNEU).

22.    The officers barked conflicting orders, one demanding that plaintiff dismount his bike and the other asking him why he was dismounting, one demanding identification and the other grabbing him when he reached for it.

3

23.     The officers twisted plaintiff's arms and hit him numerous times about his knees and ankles, throwing him to the ground.

24.     One of the officers placed his knee in the back of plaintiff's neck to keep him pinned to the ground.

25.     The officers then stripped plaintiff to his underwear, even removing his shoes and socks.

26.     Plaintiff was repeatedly hit with a baton, suffering injuries to his knees and ankles, shoulders and neck.  He was bleeding and had numerous abrasions from being struck.

27.     Plaintiff was also tightly handcuffed, causing injuries to his wrists.

28.     Plaintiff did not resist the officers in any manner.

29.     Despite a thorough and violent search of plaintiff's person, no contraband of any kind was found.

30.     After approximately 20 minutes spent physically abusing and searching plaintiff, the officers called for a squad car and a paddy wagon.

31.     Plaintiff was placed in the paddy wagon and taken in handcuffs to the 75th Police Precinct, 1000 Sutter Avenue, Brooklyn, NY 11208.

32.     Plaintiff remained in custody at the 75th Precinct until shortly after midnight, at which time he was taken in handcuffs to Brooklyn Central Booking.

33.     Plaintiff remained imprisoned at Brooklyn Central Booking until approximately 3:00 P.M. on Wednesday, September 18, 2013.

34.     At no time did defendants tell plaintiff why he had been arrested or what he was being charged with.

35.     The Kings County District Attorney's office declined to prosecute, and plaintiff was released without having to see a judge.

36.     The NYPD property receipts prepared when plaintiff first arrived at the 75th Precinct list "resisting arrest" (PL § 205.30, a class A misdemeanor) as the sole charge, and do not reveal any underlying basis for the arrest that plaintiff was supposedly resisting.

37.     The property receipts list the arresting officer as PO Jay Rivera, Shield 3882, of the 75th precinct.  The supervisor approving the arrest is listed as Sgt. William Hall, Shield 530, also of the 75th Precinct.  The arrest number is K13683761.

38.     The Kings County District Attorney's Office Declined Prosecution Report, provided in response to plaintiff's FOIL request, lists the charges as resisting arrest, obstructing governmental administration (PL § 195.05, a class A misdemeanor), and also possession of marijuana open to public view (PL § 221.10 (1)), another class A misdemeanor.

39.     Plaintiff did not possess any marijuana at all.

40.     According to the Kings County District Attorney's Office Declined Prosecution Report, the officers claimed that they examined the contents of a brown case clipped to the side of plaintiff's pocket and observed marijuana within the case.

41.     The only items inside the case, a closed glasses case clipped to plaintiff's cargo pants, were three wooden cigarillo tips from "Black and Mild" brand tobacco cigarillos that plaintiff had smoked.

42.     The Kings County District Attorney's Office Declined Prosecution Report contains no recitation of any field test being conducted to verify defendants' claim that what they observed inside the closed glasses case was marijuana.

43.     The property receipts provided to plaintiff, including the "arrest evidence" receipt, make no mention of the glasses case and it was never returned to him.

44.     The Declined Prosecution Report states that the police stopped plaintiff because he allegedly rode his bicycle through a stop sign without stopping and then was allegedly seen looking inside the case and smelling it and then allegedly peddled away when he saw the officers.  Those allegations, taken together, might arguably provide reasonable suspicion for police inquiry.

45.     However, the Report states that the reason for declining prosecution is "Unlawful Search/Seizure," thereby questioning the veracity of the police account set forth in ¶ 44 above.  The "details" section of the Report that would shed further light on the encounter has been redacted by the District Attorney's Office on the copy provided in response to plaintiff's FOIL request.

46.     Defendants falsely alleged the presence of marijuana to justify their brutal and unlawful behavior.

47.     Defendants falsely claimed that the alleged marijuana was in open to public view rather than in a closed case in order to charge plaintiff with possession of marijuana as a misdemeanor instead of the lesser marijuana offense that carries only a fine (PL § 221.05) and requires issuance of a Desk Appearance Ticket (CPL § 150.75).

48.     Defendants never asked plaintiff about the glasses case, never told him why he had been stopped, searched and beaten, and never told him that he had done anything wrong or that he was being charged with any offense.

49.     Plaintiff did not peddle through a stop sign and did not peddle away from the officers.

50.     Plaintiff was treated at New York Hospital Queens (formerly Booth Memorial Hospital) and later underwent therapy at the New York Diagnostic Center, an outpatient clinic, for his

injuries.

### *FIRST CLAIM FOR RELIEF*

51.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-50.

52.     Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### *SECOND CLAIM FOR RELIEF*

53.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-50 and 52.

54.     The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers.

55.     The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers, detectives and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

56.     The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-50, 52, and 54-56 violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### *THIRD CLAIM FOR RELIEF*

57.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-50, 52, and 54-56.

58.     The conduct toward plaintiff alleged herein constituted false arrest, false

imprisonment, the unnecessary and excessive use of force, and employee negligence.

59.     The conduct toward plaintiff alleged herein subjected him to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering.

## FOURTH CLAIM FOR RELIEF

60.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-50, 52, 54-56, and 58-59.

61.     At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

(a)     Compensatory damages against all defendants, jointly and severally;

(b)     Punitive damages against all individual defendants, jointly and severally;

(c)     Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d)     Such other and further relief as this Court deems just and proper.

Dated:   New York, New York
            February 26, 2014

                                    /s/ Joel Berger
                                    **JOEL BERGER**
                                    360 Lexington Avenue, 16th Fl.
                                    New York, New York 10017
                                    (212) 687-1425

**ATTORNEY FOR PLAINTIFF**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X
**FABIAN RIVERA**

Plaintiff,

**14 CV 1279**

-against-

**THE CITY OF NEW YORK, POLICE OFFICER**
**JAY RIVERA (Shield 3882), SGT. WILLIAM HALL**
**(Shield 530), and POLICE OFFICER JOHN DOE,**

Defendants.

-------------------------------------------------------------------------------X

*COMPLAINT*

**JOEL BERGER**
**360 LEXINGTON AVE., 16th Fl.**
**NEW YORK, NY 10017-6502**
**(212) 687-1425**

**ATTORNEY FOR PLAINTIFF**